# Exhibit C
# Affidavit of Cary Torbert, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **RODNEY JULIUS OWENS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 3:06-cv-00540-MEF-SRW |
| | ) |
| **JAY JONES, et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

### AFFIDAVIT OF CARY TORBERT, JR.

**STATE OF ALABAMA** )
)
**COUNTY OF LEE** )

    **BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Cary Torbert, Jr., who being known to me and being by me first duly sworn on oath deposes and says as follows:

    1.    My name is Cary Torbert, Jr. I am over the age of nineteen and competent to execute this affidavit.

    2.    I serve as Chief Deputy of Corrections of the Lee County Detention Facility and have obtained the rank of Major. I have worked with the Lee County Sheriff's Office for over 32 years.

    3.    I am familiar with the Plaintiff, Rodney Julius Owens due to his incarceration in the Lee County Detention Facility.

    4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5. It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Center are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotional well-being.

6. Medical care rendered to inmates in the Lee County Detention Center is delivered under the direction of a licensed health care provider.

7. No health care personnel or Detention Center officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

8. Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

9. Inmates will be guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

10. It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Center to request health care services at any time.

11. Two methods may be utilized by inmates incarcerated in the Lee County Detention Center in order to secure health care services:

    a. <u>Verbal Request</u>: An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

    b. <u>Written Request</u>: An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

12. Requests for medical treatment will be accepted by members of the Detention Center staff at any time.

2

13. When a request for medical treatment is made to a member of the Detention Center staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request. It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner. Any doubt as to whether an actual need exists for medical treatment shall be resolved in favor of the inmate and medical treatment will be offered.

14. Medical requests of an emergency nature are to be handled immediately.

15. As part of the booking process, inmates are informed of the methods by which they may maintain medical treatment during the booking process.

16. The Detention Center nurses, under the direction of the Detention Center Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Center.

17. All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Center official. Should the physician request, a Detention Center officer will be present for any and all examinations the treating physician deems appropriate.

18. Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates. All inmates are required to pay a fee for non-emergency treatment. Inmates will not be denied medical treatment. When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

19. Per the policy of the Lee County Sheriff's Office, I always defer to the instructions of the trained medical professionals on all medical issues.

20. The Plaintiff has never filed a written grievance with me regarding the allegations made the basis of his Complaint.

21. It is the policy of the Lee County Sheriff's Office to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

22. Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

23. All inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

24. I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not done so. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

25. The Plaintiff is not handicapped and does not need safety rails to get in and out of the shower. Prior to the date of the alleged fall, the Plaintiff had never made me aware that he had any trouble getting in or out of the shower.

26. The showers at the Lee County Detention Center have rubber mats in front of them to prevent the inmates from slipping when entering or exiting the shower.

27. Dr. McFarland and Nurse Stewart have no duty or authority with regard to any conditions of the Detention Center, such as, but not limited to, the shower facilities. Dr. McFarland and Nurse Stewart's sole duty and authority is with regard to medical care of inmates.

28. I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

29. All Lee County Detention Center records attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business. I am the custodian of these records.

30. I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
CARY TORBERT, JR.

SWORN TO and SUBSCRIBED before me this 13 day of September, 2006.

_____
NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES FEB. 10, 2007

5