# Exhibit E
# Affidavit of John McFarland

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **RODNEY JULIUS OWENS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 3:06-cv-00540-MEF-SRW |
| | ) |
| **JAY JONES, et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

### AFFIDAVIT OF JOHN MCFARLAND

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared John McFarland, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is John McFarland. I am over the age of nineteen and competent to execute this affidavit.

2. I am a licensed physician serving as an emergency room doctor with East Alabama Medical Center. Also, since 1994, I have served as the treating physician for inmates at the Lee County Detention Facility.

3. I am familiar with the Plaintiff, Rodney Julius Owens, due to his incarceration in the Lee County Detention Facility.

4. I examined the Plaintiff on May 31, 2006 and Plaintiff stated that he fell in the shower and hurt his right ankle and back. Plaintiff walked into the examination room with a normal gait and with no limp. I concluded that Plaintiff had sprained his right ankle and had

strained a muscle in his lower back. Plaintiff was prescribed Naprosyn, a pain and anti-inflammatory medication, and I noted that I wanted to recheck Plaintiff if he did not improve.

5. I again examined Plaintiff on June 13, 2006. Plaintiff stated that his back and ankle were worse; however I observed that Plaintiff walked into the examination room comfortably. I ordered that Plaintiff's right ankle be x-rayed and that Plaintiff be put on Flexeril, a muscle relaxant, continue to take Naprosyn and be rechecked in one week.

6. I once again examined Plaintiff on June 20, 2006. Plaintiff requested that his back be x-rayed. However, I explained to Plaintiff that an x-ray of his back would be low yield and would not show anything due to the way that Plaintiff stated that he injured his back. Plaintiff walked with a normal, comfortable gait, he could raise his leg without pain and had comfortable spontaneous leg swings in a sitting position. Plaintiff was prescribed a flexion splint for his right ankle, told to take Naprosyn and to return for a follow-up appointment in two to three weeks.

7. I examined Plaintiff on July 6, 2006 and instructed him to continue to wear his ankle brace for 2 to 3 more weeks.

8. The Plaintiff is not handicapped and does not need safety rails to get in and out of the shower.

9. The Plaintiff was given appropriate medical care and attention at all times.

10. I have no duty or authority with regard to any conditions of the Detention Center, such as but not limited to the shower facilities. My sole duty and authority is with regard to medical care of inmates.

11. I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

12. The Plaintiff has never filed a written grievance with me regarding the allegations made the basis of his Complaint.

13. I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
JOHN MCFARLAND, M.D.

SWORN TO and SUBSCRIBED before me this 14 day of September, 2006.

_____
NOTARY PUBLIC      MY COMMISSION EXPIRES FEB. 10, 2007
My Commission Expires: _____